# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:12-cv-096-JMS-TAB |
| ) | |
| WILEY, et al., ) | |
| ) | |
| Defendants. ) | |

## Entry and Order Dismissing Action

The plaintiff's request to proceed *in forma pauperis* [2] is **granted**.

"The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). The complaint of Christopher Hudson does not plausibly allege such conditions with respect to the water being turned off in his cell at the Pendleton Correctional Facility for approximately 23 hours on November 11-12, 2011. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quotations omitted)).

The dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/13/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana